**In re Donald L. FALES, Debtor.**

**Bankruptcy No. 1–86–01392.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 10, 1986.

---

Dennis A. Liggett, Blue Ash, Ohio, for debtor.

Steven E. Simon, Cincinnati, Ohio, for Albert J. Schuholz.

## DECISION AND ORDER ON MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

Albert J. Schuholz, Jr., filed an involuntary petition pursuant to 11 U.S.C. § 303 against Donald L. Fales (hereafter "debtor"). The petition alleges that Schuholz is the holder of a claim against debtor in the amount of $12,931.88. He alleges further that Fales has less than 12 creditors and that debtor is generally not paying his debts as they become due. The petition alleges further that debtor has fraudulently preferred certain creditors within 90 days of the filing of the petition.

Debtor filed a motion to dismiss the case. In addition to the memorandum which he filed to support the motion, debtor filed his affidavit for the purpose of showing that with the exception of the claim of Schuholz, all his obligations are being paid as they become due. It is with these in mind that we characterize the motion presented to us. We conclude that what is presented to us is a motion for summary judgment.

The Bankruptcy Code at 11 U.S.C. § 303(b) to the extent here pertinent provides:

Section 303. Involuntary Cases

\* \* \* \* \* \*

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

\* \* \* \* \* \*

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that

hold in the aggregate at least $5,000 of such claims;

\* \* \* \* \* \*

The statute, at 11 U.S.C. § 303(h) provides:

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts that are the subject of a bona fide dispute; or

\* \* \* \* \* \*

On the present motion, debtor is not contending that Schuholz has not complied with the requirements of § 303(b). That is, he is not saying that he has more than 12 creditors so that Schuholz could not alone file a petition. Nor is he saying that Schuholz is not a creditor holding at least $5,000.00 in claims. Instead, by his affidavit, he is contesting the issue whether the debtor is generally not paying his debts as they become due, the ultimate issue to a determination of whether this involuntary debtor should be adjudicated. Clearly, debtor's motion must be regarded as one for summary judgment.

The standard to be applied in determining whether summary judgment should be granted is that set forth at F.R.Civ.P. 56(c):

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Applying this standard here, we are obliged to deny the motion because we find that the record before us shows the existence of an issue of fact, and that fact is material.

 

Movant has filed his affidavit in which he states that he has outstanding obligations, in addition to utility payments and monthly household expenses, the outstanding obligations being presented as monthly payments which total in excess of $800.00 per month. Movant states that all his obligations are being paid as they become due and all his payments are current. In opposition to the motion, petitioner has filed a deposition taken of debtor. The deposition has attached to it income tax returns of debtor, including that for 1985. Debtor's 1985 income tax return shows an adjusted gross income of $9,820.00. This amount is not appreciably, if at all, greater than the amount that debtor must pay on his debts in the course of a year. This evidence suggests that debtor does not have the ability to pay his debts as they come due.

Accordingly, we reach the conclusion that the evidence presented to us shows the existence of an issue of material fact which precludes a grant of summary judgment.

The motion is overruled.

So Ordered.